IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOHN P.,[1]

                Plaintiff,

v.                                                CIVIL ACTION NO.  3:24-0386

FRANK BISIGNANO,
Commissioner of Social Security,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge recommended this Court grant Defendant's motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 9), dismiss the complaint, and remove this matter from the Court's docket. *Proposed Findings and Recommendations (PF&R)*, ECF No. 14. Plaintiff John P. timely filed his objection. *Pl.'s Obj. to PF&R*, ECF No. 17.

The Court has undertaken a thorough review of the Objection and PF&R, as well as pertinent material found elsewhere in the record. For reasons set forth below, the Court **GRANTS**

---

[1] The Court lists only the first name and last initial of any non-government parties in Social Security opinions pursuant to the October 31, 2022 Standing Order in this District, which adopts the recommendation of the May 2018 Judicial Conference Committee on Court Administration and Case Management concerning privacy of personal and medical information.

Plaintiff's Objection (ECF No. 17) and **DENIES** Defendant's motion (ECF No. 9). The Court **RECOMMITS** this case to the Magistrate Judge for further proceedings.

## I. Background

Plaintiff filed a complaint on July 26, 2024. *Compl.*, ECF No. 2. In the complaint, Plaintiff seeks to appeal a final decision of Defendant Commissioner of Social Security. *Id.* Defendant sent a Notice of Appeals Council Action (the Notice), dated May 21, 2024, informing Plaintiff of Defendant's decision to deny Plaintiff's request for review. *Notice of Appeal Council Action*, ECF No. 9-1. The Notice informed Plaintiff that he had sixty days to appeal the denial to a court and that the sixty days started after he received the Notice. *Id.* The Notice also explained to Plaintiff that Defendant would assume Plaintiff received the letter five days after the date on it, unless Plaintiff could show otherwise. *Id.* The Notice also stated that Plaintiff could request an extension of the sixty-day period from Defendant for good reason. *Id.* Plaintiff produced a scan of the envelope in which he received the Notice; the envelope is postmarked May 24, 2024. *Pl.'s Resp. to Def.'s Mot. to Dismiss*, ECF No. 12-1.

Defendant moved to dismiss Plaintiff's complaint, arguing that Plaintiff filed the complaint a day late. The Magistrate Judge agreed and recommended this Court grant the motion to dismiss. Plaintiff timely filed an objection, which the Court now considers.

## II. Legal Standard

District courts may "accept, reject, or modify, in whole or in part, the findings or recommendations" of a Magistrate Judge. However, a court must conduct a *de novo* review of the portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). Courts need not conduct a review of factual and legal conclusions to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor are courts tasked with conducting

*de novo* review of "general and conclusory" objections—rather, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

When a party is proceeding *pro se*, as Plaintiff is in this case, courts should liberally construe the *pro se* party's filings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21, (1972). While a court is not "expected to construct full blown claims from sentence fragments, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), a court should not "permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Canty v. City of Richmond, Va., Police Dept.*, 383 F.Supp. 1396, 1399–1400).

To survive a motion to dismiss, Plaintiffs' complaint must state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). At this stage, courts "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, courts must "draw all reasonable inferences in favor of the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, a court "need not accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Courts may consider documents outside the complaint without converting a motion to dismiss into a motion for summary judgment in limited circumstances. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). For example, courts may consider documents "submitted by the movant that [were] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the

document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (internal citation omitted). If a court considers matters outside of the scope of consideration in Rule 12(b)(6) motions to dismiss, the motion must instead be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III.   Discussion

The Social Security Act, in pertinent part, states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). A regulation promulgated by the Social Security Administration further explains:

> Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210.

The text of the regulation demonstrates that if a claimant can rebut the five-day presumptive period and demonstrate that they filed their complaint withing sixty days after receipt,

their complaint is timely filed.[2] *See also McLaughlin v. Astrue*, 443 F. App'x 571, 574–75 (1st Cir. 2011) (applying this two-step analysis).

Plaintiff objects to the PF&R, arguing that he has rebutted the five-day presumption. Plaintiff further contends that his complaint was timely filed because he filed the complaint within sixty days of receipt of the Notice of Appeals Council Action. Plaintiff argues that the Notice was postmarked May 24, 2024, which was a Friday before Memorial Day Weekend. He says that Defendant sent the mail from the Dayton, Ohio, area and used the United States Postal Service's (USPS) First-Class Mail service. Plaintiff then states that, since the Notice was sent through First-Class Mail, the Notice would not have been delivered that Saturday. Per Plaintiff, the earliest the Notice could have reached him would be Tuesday, May 28, 2024, in which case the deadline to file the complaint would be Monday, July 29, 2024.[3]

In response, Defendant quotes the PF&R and argues that Plaintiff was aware of Defendant's stated filing deadline and Plaintiff's right to request an extension from the Appeals Council. Defendant concludes by requesting that this Court dismiss the claim because allowing complaints filed a day late could wreak havoc on the system. Defendant makes no effort to counter Plaintiff's argument that he did not receive the Notice within the presumed five-day window.

The Magistrate Judge appears to acknowledge that Plaintiff successfully rebutted the five-day presumption period. The Magistrate Judge stated:

> The undersigned acknowledges the Plaintiff's presentation of evidence that reasonably rebuts the presumption that he received the Appeals Council's Notice on or before May 26, 2024, as he has submitted an envelope postmarked May 24,

---

[2] The PF&R spends considerable time discuss equitable tolling. However, any discussion of equitable tolling is unnecessary because this issue can be resolved using the text of the statute and regulation.

[3] Sixty days after May 28, 2024, would be July 27, 2024, which falls on a Saturday, so the due date would be the subsequent Monday. *See McLaughlin*, 443 F. App'x at 573 (1st Cir. 2011).

> 2024, and appreciates the Plaintiff's contention that the five-day presumption would cause the statute of limitations to commence on May 30, 2024.

The Court agrees that an envelope postmarked May 24, 2024, which fell on the Friday before Memorial Day Weekend, is a reasonable showing that Plaintiff did not receive the Notice on Defendant's presumed date of May 26, 2024. Defendant made no effort to overcome this rebuttal.

Later in the PF&R, the Magistrate Judge disregarded Plaintiff's rebuttal. The Magistrate Judge explained: "[T]he Notice expressly provides that the five-day presumptive period commences on the date on the Notice, not on the day the envelope containing the Notice is postmarked." *PF&R* at 7.

The Magistrate Judge cites *Lafferty v. Commissioner of Social Security*, 2020 WL 1164779, at *3 (S.D. Ohio Mar. 11, 2020), *report and recommendation adopted by*, 2020 WL 1694920 (S.D. Ohio Apr. 7, 2020), for the proposition that the date on the notice, not the date postmarked determines when the five-day period commences. *PF&R* at 7. *Lafferty* cites to *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007) to justify this claim. However, the claimants in *Lafferty* and *Cook* either could not demonstrate that their complaint was filed within the sixty-day period after they rebutted the five-day presumption period or could not rebut the presumption at all. *Lafferty*, 2020 WL 1164779, at *3; *Cook*, 480 F.3d at 436–37. Therefore, the claimants in these cases needed to stretch the presumptive deadline further and attempted to do so by relying on the postmarked date.

In contrast, Plaintiff successfully rebutted the presumption and subsequently argued that he filed within the sixty-day period of receipt. Therefore, he does not need the five-day presumption to apply to the postmarked date. Accordingly, the Court need not take a position on the nonbinding holdings of *Lafferty* and *Cook*.

Having successfully rebutted the presumption,[4] the Court agrees with Plaintiff that the earliest date Plaintiff was likely to receive the Notice was May 28, 2024, which would mean the earliest possible deadline to file the complaint would be July 29, 2024. Plaintiff filed his complaint on July 26, 2024. Therefore, Plaintiff timely filed his complaint.

### IV.     Conclusion

For the reasons described above, the Court **GRANTS** Plaintiff's Objection (ECF No. 17) and **DENIES** Defendant's motion (ECF No. 9). The Court **RECOMMITS** this case to the Magistrate Judge for further proceedings.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented parties.

ENTER:     August 5, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[4] In a footnote, the PF&R mentions that Plaintiff did not state when he received the Notice. *PF&R* at 7 n.5. Such a showing is not required. *See, e.g., McLaughlin*, 443 F. App'x at 574 (1st Cir. 2011) ("It seems clear to us that a claimant need not allege a specific date of receipt of the Appeals Council's notice in order to make a reasonable showing that he or she received the notice after the five-day presumptive period had ended. Indeed, some claimants, for various reasons, assert that they *never* received the notice and, as such, simply *cannot* allege any receipt date.").