**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOHN P.,[1]

                    Plaintiff,

v.                                              CIVIL ACTION NO. 3:24-0386

FRANK BISIGNANO,
Commissioner of the Social
Security Administration,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate

Judge, for submission to this Court of proposed findings of fact and recommendations for

disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings

of Fact and recommended that the Court deny Plaintiff John P.'s request for reversal of Defendant

Commissioner's final decision (ECF No. 21), grant the Commissioner's request to affirm the

decision (ECF No. 28), affirm the Commissioner's decision, and dismiss this action from the

docket of the Court. *Proposed Findings and Recommendation* 2, ECF No. 30 ("PF&R").

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen

days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's

Proposed Findings and Recommendation. The objections were due on January 2, 2026. The Court

---

[1] The Court lists only the first name and last initial of any non-government parties in Social
Security opinions pursuant to the October 31, 2022, Standing Order in this District, which adopts
the recommendation of the May 2018 Judicial Conference Committee on Court Administration
and Case Management concerning privacy of personal and medical information.

will proceed in its evaluation despite pro se Plaintiff's untimely Objections on January 5, 2026. *Pl.'s Obj. to PF&R ("Pl.'s Obj.")*, ECF No. 33.

The Court has undertaken a review of Plaintiff's Objections, Proposed Findings and Recommendation, the Commissioner's Response to Plaintiff's Objections, as well as pertinent material found elsewhere in the record.

For reasons set forth below, the Court **DENIES** Plaintiff's Objections (ECF No. 33) and **ADOPTS** in part and **DECLINES TO ADOPT** in part the Magistrate Judge's Proposed Findings and Recommendation (ECF No. 30). The Court **DENIES** Plaintiff's request for reversal of the Commissioner's final decision (ECF No. 21); **GRANTS** Commissioner's request to affirm the decision below (ECF No. 28). The final decision of the ALJ is **AFFIRMED**, and this matter is **DISMISSED** from the Court's docket.

## I. Background[2]

Plaintiff first received Title XVI Supplemental Security Income (SSI) benefits in 2003. *Administrative R.* 4. In January of 2012, Plaintiff received a notice from the Social Security Administration that his benefits would be terminated because he entered a facility in November of 2011. *Id.* Plaintiff protectively filed an application for SSI benefits in November of 2013. *Id.* The application was denied in January of 2014 because his resources included an inheritance right valued at $47,727.17, above the threshold limit of $2,000. *Id.* at 4, 10, 22; 42 U.S.C. § 1382(a)(1)(B), (a)(3). The inheritance passed to Plaintiff by will after his father's death in 2009. *Administrative R.* at 23. A trust was established with the inheritance on April 2, 2014. *Id.* at 4.

---

[2] The undisputed information within originates from the Exhibits attached to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, which include the records from the administrative proceedings attached to the Declaration of Ari Levin, Chief of a Court Case Preparation and Review Branch of the Office of Appellate Operations, Social Security Administration. *Administrative R.*, Def.'s Ex. 1, ECF No. 9-1.

Plaintiff filed a reconsideration request, asserting that the trust is excludable. *Id.* at 4. After a hearing on the matter, by decision on February 23, 2017, an Administrative Law Judge (ALJ) found Plaintiff was ineligible for SSI benefits because the trust was not an "excluded 'Medicaid Trust' (42 U.S.C. 1396p(d)(4)(A))[,]" instead, classifying the inheritance as a countable resource. *Id.* at 13. Plaintiff sought review of the decision, and on July 15, 2022, the Appeals Counsel remanded for further findings because the record lacked sufficiency. *Id.* at 5, 17. The Appeals Counsel stated that the ALJ's decision did not address an "especially pertinent" consideration of "whether the inheritance was considered as income prior to the establishment of a trust," in accordance with POMS SI 00830.550,[3] as Plaintiff filed the application for supplemental security income on November 12, 2013, and the trust was not established until April 2, 2014. *Id.* at 17–18.

On remand, after a hearing on the matter, Plaintiff, again, received an unfavorable decision on May 24, 2023, deeming Plaintiff ineligible for benefits due to his resources exceeding the threshold amount. *Id.* at 5, 19. Plaintiff argued that by the time he filed his SSI application, he had no control or right to his inheritance which was held by his sister, executor of his father's estate. *Id.* at 23. The ALJ found that Plaintiff's inheritance was a resource because he received a cash inheritance which was placed into a bank account under the name of the estate that he had a right to liquidate, and that Plaintiff never requested a disbursement of his interest, nor was there evidence that he was denied access. *Id.* at 25 (*citing* 20 C.F.R. § 416.1201; 42 U.S.C. § 1382b(e)).[4]

---

[3] Social Security Administration Program Operation Manual System (POMS), Supplemental Security Income (SI) 00830.550 "Inheritances." POMS is an internal manual used by employees evaluating Social Security claims; it is only considered persuasive authority and does not have any binding effect on this Court or an ALJ. *O'Donnell v. Saul*, 983 F.3d 950, 958 (7th Cir. 2020) (citing *Davis v. Sec'y of Health & Hum. Servs.*, 867 F.2d 336, 340 (6th Cir. 1989)).

[4] 20 C.F.R. § 416.1201(a) explains that "resources means cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance" and that "[i]f the individual has the right, authority or power to liquidate the property or his or her share of the property, it is considered a resource. If a

Additionally, the ALJ found the trust failed to satisfy the requirements within 42 U.S.C. § 1396p(d)(4)(A)[5] because the court did not establish the trust on its own volition but instead, at Plaintiff's request. *Id.*

The Appeals Council denied Plaintiff's request for review on May 21, 2024, making the ALJ's May 24, 2023, decision final. *Id.* at 32. On July 26, 2024, Plaintiff filed a Complaint seeking judicial review of the ALJ's decision. *Compl.*, ECF No. 2. The matter was recommitted to the Magistrate Judge after this Court determined that the Complaint was not untimely filed. *See Mem. Op. & Order*, ECF No. 19. The Court proceeds in addressing Plaintiff's Objections to the Proposed Findings and Recommendation addressing the substance of the Complaint.

## II. Standard of Review

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the final decision denying benefits. District courts may "accept, reject, or modify, in whole or in part, the findings or recommendations" of a Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). However, a court must conduct a de novo review of the portions of the Magistrate Judge's findings "to which objection is made." *Id.* Courts need not conduct a review of factual and legal conclusions to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Courts also need not conduct de novo

---

property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse)." 20 C.F.R. § 416.1201(a)(1). 42 U.S.C. § 1382b(e) explains trusts are a resource if any assets are transferred to the trust other than by will, absent an exception like a Special Needs Trust, 42 U.S.C. § 1396p(d)(4)(A).

[5] "A trust containing the assets of an individual under age 65 who is disabled . . . and which is established for the benefit of such individual by a parent, grandparent, legal guardian of the individual, or a court if the State will receive all amounts remaining in the trust upon the death of the individual up to an amount equal to the total medical assistance paid on behalf of the individual[.]" 42 U.S.C. § 1396p(d)(4)(A). Note that in 2016, Pub. L. 114–255 inserted "the individual," after "for the benefit of such individual by." 21st Century Cures Act, Pub. L. No. 114-255, § 7007, 130 Stat. 931 (2016). The effective date of the amendment applies to trusts established on or after December 13, 2016. *Id.*; 42 U.S.C. § 1396p Note.

review of "general and conclusory" objections that do not raise specific errors in the PF&R. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

When a party is proceeding pro se, as Plaintiff is in this case, courts liberally construe the pro se party's filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Court is mindful that it may not construct a pro se litigant's arguments for them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

### A. Inheritance Prior to Establishment of the Trust Fund

First, Plaintiff objects to the Proposed Findings and Recommendation, arguing it fails to address the threshold issue of whether Plaintiff had a legal right to claim the inheritance that was deemed an excess resource at the time of his SSI application. *Pl.'s Obj.* 1–2. The ALJ rejected the same argument, reasoning that Plaintiff had a right to liquidate his inheritance but instead voluntarily assigned it to his sister, never demanding or being denied the funds. *Administrative R.* 23. Magistrate Judge Aboulhosn misinterpreted Plaintiff's argument in stating that, while the court "appreciates the Plaintiff's contention that he is unable to sue to cause disbursement of the trust funds, the fact remains that this trust does not comply with the pertinent legal standards establishing a special needs trust that is excludable for Medicaid purposes." *PF&R* 8.

The Court agrees that the Proposed Findings and Recommendation did not address Plaintiff's argument that the inheritance was not a resource when he applied for SSI benefits, prior to the establishment of the trust fund. *Pl.'s Obj.* 1–2. After this Court remanded to the Magistrate Judge, supplemental briefings were limited to the Magistrate Judge's assessment of the primary issue of "whether the Plaintiff was ineligible for Title XVI benefits due to excess resources for having been the beneficiary of a trust valued at $47,727.17." *See Order* 1, ECF No. 20. Regardless,

this Court is not convinced that the ALJ improperly classified the inheritance as a resource prior to the formal establishment of the trust. Resources are defined as "cash or other liquid assets or any real or personal property that an individual . . . owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a). Resources include both "liquid resources," those than can be liquidated and converted to cash within 20 days and "nonliquid resources," those that are not cash and not convertible to cash within 20 days. 20 C.F.R. §§ 416.1201(b), (c). Resources are evaluated monthly based on an individual's assets and whether any assets qualify for exclusions. 20 C.F.R. § 416.1207(a).

Plaintiff argues the statute of limitation to sue for distribution from the estate had passed by the time Plaintiff filed for SSI benefits. *Pl.'s Obj.* 2. Further, Plaintiff asserts that at the expiration of his ability to enforce distribution of the inheritance under state law, his share of the inheritance was tied up awaiting court action on a petition for the creation of a trust. *Pl.'s Obj.* 2. Even if Plaintiff's assessment of state law is accurate, Petitioner's inheritance may have been a resource that he "owns and could convert to cash to be used for his or her support and maintenance"[6] despite the "General Rule" that an asset is not a resource if an individual lacks "legal right, authority, or power to liquidate them." *See Pl.'s Obj.* 2 (citing 20 C.F.R. 416.109(a)(1)).[7] Based on the record and testimony at the hearing, the ALJ found that Plaintiff received a cash inheritance from his father which was voluntarily placed into a bank account under the name of the estate, and that, despite having the right to liquidate such property, he chose to establish a trust to prevent the loss of his federal benefits. *Administrative R.* 25. Treatment of voluntarily relinquished funds as a resource is reasonable and consistent with POMS SI

---

[6] 20 C.F.R. § 416.1201(a).

[7] Plaintiff seemingly intended to cite 20 C.F.R. § 416.1201(a).

01150.110(E)[8] which suggests the agency's treatment of refused inheritance as constructively received assets is not novel. Further, the Putnam County Circuit Court Order establishing the trust in 2014 supports that Plaintiff had a continued interest when it orders that "all sums payable to or on behalf of John Millard Perdue by virtue of his inheritance be delivered to the Trustee" of the newly established trust. *Order Establishing Trust* 1, Def.'s Ex. A, ECF No. 28-1.

The Court agrees that Plaintiff's inheritance was a countable resource at the time of the application for SSI benefits.

## B. Establishment of the Trust Fund

Plaintiff objects to the Magistrate Judge's determination that because the Putnam County Circuit Court was petitioned to create the trust, it does not qualify as an excludable trust under 42 U.S.C. § 1396p(d)(4)(A). *Pl.'s Obj*. 3.

Trusts established by an individual who have placed their own assets into the trust, other than by will, are generally considered to be a resource unless an exception applies, including the trust described in 42 U.S.C. § 1396p(d)(4)(A). 42 U.S.C. §§ 1382b(e)(1), (e)(2)(A), (e)(5). "Asset" includes "payment or property to which the individual . . . is entitled but does not receive or have access to because of action by . . . the individual . . . [or] a person or entity (including a court) acting at the direction of, or on the request of, the individual or spouse." 42 U.S.C. §§ 1382b(6)(C)(iii)(I),(III). Under the version of 42 U.S.C. § 1396p that was applicable at the time this trust was created in 2014, the trust is excluded from counting as a resource if it: (1) contains assets of an individual who is disabled and under the age of 65; (2) was established for the benefit

---

[8] Effective from 2006 on, POMS SI 01150.110 is titled "Period of Ineligibility for Transfers on or After 12/14/99" and provides for a period of SSI ineligibility for individuals who have transferred assets for less than fair market value, including individuals who have transferred assets which "they constructively received (e.g., they refused an inheritance)."

of such individual by a parent, grandparent, legal guardian of the individual or a court; and (3) provides that "the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual[.]" 42 U.S.C. § 1396p(d)(4)(A).

The Magistrate Judge agreed with the ALJ's final decision that the trust is not excludable, stating that the following facts are undisputed: the trust was established several years after Plaintiff received a cash inheritance, Plaintiff's father did not set up a special needs trust for Plaintiff's benefit, and the circuit court did not create the trust on its own volition because the Plaintiff's sister petitioned the circuit court for such action. *PF&R* 6–7. While the Court agrees with the Magistrate Judge's first two characterizations of undisputed facts, the Court disagrees that it is undisputed that Plaintiff's sister petitioned the circuit court for the creation of the trust. [9]

The ALJ's decision hinges on the finding that Plaintiff petitioned the Putnam County Circuit Court to establish the trust, concluding that the trust is not an "excluded 'Medicaid trust' (42 U.S.C. § 1396p(d)(4)(A))" because "[t]he court did not issue the order of its own volition, but only at the specific request of the claimant." *Administrative R.* 25. This factual finding[10] is supported by the Putnam County Order creating the trust which states the following:

> Having read and considered the Petition *filed by Petitioner, John Millard Perdue,* . . . the Court finds that John Millard Perdue is potentially the recipient of government benefits. Due to the fact that he would lose those government benefits, it is hereby ORDERED that The John Millard Perdue Irrevocable Discretionary Supplemental Care Trust, in the form as presented to the Court in the Petition, be established.

---

[9] Even if Plaintiff's sister did petition the court, it was in her capacity as "next friend" which is effectively in Plaintiff's capacity. *See Draper v. Colvin*, 779 F.3d 556, 563 (8th Cir. 2015).

[10] The administrative record states that, "the claimant petitioned the court himself to establish the trust." *Administrative R.* 25. This review is limited to whether the Secretary's decision is supported by substantial evidence and applies the correct law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not resolve conflicts of the evidence, as that is within the purview of the ALJ. *Id.*

*Order Establishing Trust* 1, Def.'s Ex. A, ECF No. 28-1 (emphasis added). The ALJ's decision

rests on the determination that an individual petitioning a court for a trust and the court establishing

such trust is not a "court established" trust under the then-applicable version of 42 U.S.C. §

1396p(d)(4)(A). *Administrative R.* 25. Only after December 13, 2016, could an individual establish

a trust for themselves that qualifies as an excluded resource under 42 U.S.C. § 1396p(d)(4)(A).

*See* 21st Century Cures Act, Pub. L. No. 114-255, § 7007, 130 Stat. 931 (2016); 42 U.S.C. § 1396p

Note. [11]

Within the category of "established through the actions of an individual," Congress has

included the circumstance where "assets of the individual were used to form all or part of the

corpus of the trust and if any of the following individuals established such trust other than by will:

. . . [a] person, including any court or administrative body, acting at the direction or upon the

request of the individual[.]." 42 U.S.C. § 1396p(d)(2).

Plaintiff cites an acceptable example described within POMS where an individual's sibling

petitions the court for the creation of a special needs trust. *Pl.'s Obj.* 2 (citing POMS SI

01120.203(B)(7)(a)).[12] However, considering the ALJ made a factual determination that Plaintiff

---

[11] The Proposed Findings and Recommendation evaluated the current version of 42 U.S.C. § 1396p.

[12] Plaintiff cites POMS SI 01120.203(B)(7)(a) which describes an example of a court ordered and established trust as follows:

> John is an SSI recipient and a legally competent adult who inherited $250,000 in January 2015. John's sibling, Justine, petitioned the court to create and order the funding of the "John Special Needs Trust". Justine also provided the court with an unsigned draft of the trust document. A month later, the court approved the petition and issued an order requiring the creation and funding of the trust. This trust meets the requirement in SI 01120.203B.7 in this section. The fact that the trust beneficiary is a competent adult and could have established the trust is not a factor in the resource determination.

petitioned the court, the trust was effectively "established by" or "established through the actions" of the Plaintiff despite being approved by the court.

Plaintiff cites POMS SI 01120.203(B)(7) stating that "an individual is permitted to petition a court for the present establishment of a trust or may use an agent." *Pl.'s Obj.* 3. The full POMS section follows:

> In the case of a trust established through the actions of a court, the creation of the trust must be required by a court order for the exception in section 1917(d)(4)(A) [(42 U.S.C. § 1396p)] of the Act to apply. The special needs trust exception can be met when a court approves a petition and establishes a trust by court order, as long as the creation of the trust has not been completed before the order is issued by the court. Court approval of an already created special needs trust is not sufficient for the trust to qualify for the exception. The court must specifically either establish the trust or order the establishment of the trust. An individual is permitted to petition a court for the *present* establishment of a trust or may use an agent to do so. The court order establishes the trust, not the individual's petition. Petitioning a court to establish a trust is not establishment by an individual.

POMS SI 01120.203(B)(7) (emphasis added). The example likely references the present establishment of trusts, as POMS SI 01120.203 became effective August of 2025, despite being in a section referencing pre-2016 interpretations.

The note within the section immediately before POMS SI 01120.203(B)(7) states that:

> The special needs trust exception does not apply to a trust established through the actions of the disabled individual themselves. (Remember that this instruction applies specifically to special needs trusts established under section 1917(d)(4)(A) before December 13, 2016.) . . . Alternatively, under the Medicaid trust exceptions in section 1917(d)(4)(A) and (C) of the Act, a trust can be "established by" an individual who does not provide the corpus of the trust, or transfer any of their assets into the trust, but who takes action to establish the trust.

---

This retroactive analysis of a satisfactory example of an exempt trust would seemingly approve of an individual's sibling petitioning a court to establish a trust. However, it does not provide guidance in this circumstance where the individual themselves or sibling, non-guardian petitions the court on behalf of the individual.

POMS SI 01120.203(B)(6). The ALJ found Plaintiff petitioned the court to establish the trust with his inheritance. *Administrative R.* 25. The aforementioned sub-sections are within a section titled "Policy for special needs trusts established under section 1917(d)(4)(A) of the Act before December 13, 2016." POMS SI 01120.203(B). Although POMS are evolving and strictly persuasive authority, the Court is persuaded by the Social Security Administration's own reading of the pre-2016 requirements. Reading these relevant POMS sections together, an individual could not petition the court for creation of a trust with his own funds to qualify for the exception.

The Social Security Administration's decisions in 2017 and 2023 by the same ALJ lacked specificity by broadly stating that the trust was not an "excluded 'Medicaid trust' (42 U.S.C. § 1396p(d)(4)(A))" because "[t]he court did not issue the order of its own volition, but only at the specific request of the claimant[,]" *Administrative R.* 25, and the Commissioner's briefing was unresponsive and unhelpful. Still, the Court finds that, based on the reasonable interpretation of the applicable provision when this trust was established, the ALJ's underlying decision was supported by substantial evidence.[13]

While the Court disagrees with reasoning within the Proposed Findings and Recommendation, the Court agrees with the outcome.

### IV. Conclusion

Accordingly, the Court **DENIES** Plaintiff's Objections (ECF No. 33) and **ADOPTS in part** and **DECLINES TO ADOPT in part** the Magistrate Judge's Proposed Findings and

---

[13] The Magistrate Judge did not address Plaintiff's argument, repeated in his Objection, that he is entitled to a ninety-day period to bring the trust into compliance with the "sole benefit" and "early termination" provision requirements under POMS SI 01120.203B.5 or 01120.199.E which the Commissioner first raised in Response on November 18, 2025. *Def.'s Resp. to Pl.'s Suppl. Brief* 1–2, ECF No. 28; *Pl.'s Obj.* 3. As the trust is a resource and not excluded because of the manner in which it was created, the Court need not address this argument.

Recommendation (ECF No. 30). The Court **DENIES** Plaintiff's request for reversal of the Commissioner's final decision (ECF No. 21); **GRANTS** Commissioner's request to affirm the decision below (ECF No. 28). The final decision of the ALJ is **AFFIRMED**, and this matter is **DISMISSED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented parties.

ENTER:        July 23, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE